UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF NEW YORK

-----------------------------------------------------------------x

HOSEA JOHNSON,                              :

                                  :

                     Plaintiff,    :

                                  :   08 CV 02021 (AKH)

      - against -                       :

                                 

EREDI PISANO USA, INC.                :

                                  :

                   Defendant,    :

                                  :

-----------------------------------------------------------------x

## ANSWER

Defendant Eredi Pisano USA, Inc. ("Eredi Pisano"), by its attorneys, Pavia &
Harcourt LLP, answers the allegations set forth in plaintiff's complaint as follows:

1.      Lacks knowledge or information sufficient to form a belief as to the truth of
the allegations in paragraph 1, and on that basis denies those allegations.

2.      Denies the allegations in paragraph 2, except admits that Eredi Pisano is a
New York Corporation with offices in New York City, and is in the business of fashion
design and sales.

3.      The complaint does not contain a paragraph 3.

4.      Defendant repeats, realleges and reaffirms the foregoing as if fully set forth
herein.

5.      Lacks knowledge or information sufficient to form a belief as to the truth of
the allegations in paragraph 5, and on that basis denies those allegations.

6.      Lacks knowledge or information sufficient to form a belief as to the truth of
the allegations in paragraph 6, and on that basis denies those allegations.

7.    Denies the allegations of paragraph 7, except lacks knowledge or information sufficient to form a belief as to the relationship between David L. Chin and Christopher Dorm.

8.    Denies the allegations of paragraph 8, except admits that Defendant provided clothing for use at the photo shoot and lacks knowledge or information sufficient to form a belief as to whether Mr. Chin was present at the photo shoot.

9.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies those allegations.

10.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies those allegations.

11.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies those allegations.

12.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph 11, and on that basis denies those allegations.

13.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies those allegations.

14.    Denies the allegations of paragraph 13.

15.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies those allegations.

16.    Denies the allegations of paragraph 15, except admits that Eredi Pisano distributed a DVD (the "DVD") concerning Eredi Pisano's Spring/Summer products.

17.    Denies the allegation of paragraph 16, except admits that the DVD was provided to certain of Defendant's customers and potential customers.

18.    Denies the allegations of paragraph 17.

19.    Denies the allegations of paragraph 18.

20.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies those allegations.

21.    Denies the allegations of paragraph 20.

22.    Defendant repeats, reiterates and realleges the foregoing as if fully set forth herein.

23.    Denies the allegations of paragraph 22.

24.    Denies the allegations of paragraph 23.

25.    Denies the allegations of paragraph 24.

26.    Denies the allegations of paragraph 25.

27.    Denies the allegations of paragraph 26.

28.    Defendant repeats, reiterates and realleges the foregoing as if fully set forth herein.

29.    Denies the allegations of paragraph 28.

30.    Lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 29, and on that basis denies those allegations.

31.    Denies the allegations of paragraph 30.

32.    Denies the allegations of paragraph 31.

33.    Denies the allegations of paragraph 32.

34.    Defendant repeats, reiterates and realleges the foregoing as if fully set forth herein.

35.    Denies the allegations of paragraph 34.

36.    Denies the allegations of paragraph 35.

37.    Denies the allegations of paragraph 36.

38.    Denies the allegations of paragraph 37.

39.    Denies the allegations of paragraph 38.

40.    Denies the allegations of paragraph 39.

41.    The complaint does not contain a paragraph 40.

42.    Defendant repeats, reiterates and realleges the foregoing as if fully set forth

herein.

43.    Denies the allegations of paragraph 42.

44.    Denies the allegations in paragraph 43.

45.    Denies the allegations of paragraph 44.

46.    Denies the allegations of paragraph 45.

47.    Denies the allegations of paragraph 46.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed because it fails to state a claim upon

which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the grounds of waiver, estoppel

and laches.

## THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the ground that plaintiff failed to

mitigate damages, if any.

P&H - 546203.1 :13429/100

## FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the ground that any damages which arose are the direct and proximate result of actions taken by a third-party or by third-parties.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the ground that it seeks an advisory opinion on matters for which there is not a present a case or controversy.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the ground that it is time-barred under applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the grounds of accord and satisfaction.

**WHEREFORE**, Defendant Eredi Pisano requests:

1.    That the complaint by Hosea Johnson be dismissed with prejudice;

2.    That it be awarded costs of defense and suit, including reasonable attorneys' fees; and,

P&H - 546203.1 :13429/100

3.    That it be awarded further and other relief as the Court deems fair and just.

Dated:    New York, New York,
          April 1, 2008

                                      PAVIA & HARCOURT LLP

                                      By: _____
                                          Adam D. Mitzner (AM-8325)
                                          Jonathan A. Selva (JS-2006)

                                      600 Madison Avenue
                                      12th Floor
                                      New York, NY 10022
                                      (212) 980-3500

                                      Attorneys for Defendants