# ROBERT PREVITO, ESQ.

Attorney At Law

235 Brooksite Drive
Hauppauge, New York 11788
(631) 265-4494   Fax (631) 265-4382
rprevito@hotmail.com

August 12, 2008

Hon. Alvin K. Hellerstein
United States District Court Judge
U.S. District Court, Southern District, New York
500 Pearl Street, Courtroom 14-D
New York, New York 10007

Re:   *Hosea Johnson v. Eredi Pisano USA, Inc.*   Case No. 08 CV 02021 (AKH)

Dear Judge Hellerstein:

I represent the plaintiff Hosea Johnson in the above-identified matter.

Enclosed please find a Stipulation and Order of Discontinuance executed by myself and Adam Mintzner, Esq., the attorney for the defendant. As required by the Court, I have also electronically filed a copy of the Stipulation and Order of Discontinuance with the Court. May I ask that this Order be signed and "so-ordered" by Your Honor for filing with the Court?

I thank you for your anticipated indulgence in this matter, and for your efforts in helping to settle this matter amicably.

Respectfully submitted,

Robert Previto

RPP/rsa
Enclosure
cc: A. Mintzner, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOSEA JOHNSON,

                Plaintiff,

-against-

EREDI PISANO USA, INC.

                Defendant.

Case No. 08 CV 02021 (AKH)

**STIPULATION OF DISMISSAL**

---

The undersigned parties, by their attorneys of record, hereby request dismissal of the above-referenced action with prejudice, with each side to bear its own costs.

Dated: New York, New York
       July 10, 2008

Robert Previto, Esq.

_____
Robert Previto Esq. (RP-____)
235 Brookside Drive
Hauppauge, New York 11788

Attorneys for Plaintiff Hosea Johnson

PAVIA & HARCOURT LLP

By:_____
Adam D. Mitzner (AM-8325)

600 Madison Avenue, 12th Floor
New York, New York 10022
T: (212) 980-3500; F: (212) 980-3510
amitzner@pavialaw.com

Attorneys for Defendant Eredi Pisano

IT IS SO ORDERED:


_____
The Honorable Alvin K. Hellerstein, USDJ


P&H - 558338.1 :13429/100

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE dated ~~July~~ Aug 5, 2008 (the "Agreement"), is entered into by and between Eredi Pisano USA, Inc. ("Eredi Pisano") and Hosea Johnson ("Johnson"). Eredi Pisano and Johnson shall collectively be referred to as the "Parties."

WHEREAS, on or about February 19, 2008, Johnson filed a lawsuit in the United States District Court for the Southern District of New York, entitled Johnson v. Eredi Pisano USA, Inc., Case No. 08-cv-02021 (the "Litigation"), in connection with the alleged unauthorized use of certain photography work performed by Johnson (the "Work").

WHEREAS, the Parties would like to resolve all disputes between and among them, and to avoid additional attorneys' fees and litigation expenses, and without such settlement constituting any admission of liability or wrongdoing by anyone;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in consideration of the mutual covenants herein, the Parties hereto agree as follows.

1. **Payment by Eredi Pisano to Johnson**

Simultaneously with the execution of this Agreement, Eredi Pisano shall pay to Johnson, by check, the amount of $30,000.00 (the "Payment"), payable to Hosea Johnson, in complete satisfaction of all work performed by Johnson on behalf of Eredi Pisano, in full satisfaction of the claims set forth in the Litigation, and to obtain all rights, including, but not limited to, reproduction and use, in connection with the Work, world-wide, until the end of time.

2. <u>**Rights in the Work Transferred from Johnson to Eredi Pisano**</u>

Simultaneously with the clearance of the Payment, Johnson assigns, transfer and/or deliver to Eredi Pisano all right, title and interest in and to the Work including, but not limited to (i) all copyright rights in the Work, (ii) the right to recover for past infringement of said copyright rights and for any other rights in the Work, (iii) the rights to all applications filed or to be filed, to register the copyright in the Work, and (iv) to all copyright registrations issued for the Work, if any, that resided with Johnson or any entity he controlled or was affiliated with (in any way). Johnson agrees to execute any additional documentation, or take any other action necessary, to effectuate the transfer and assignment of all rights in the Work from him to Eredi Pisano.

3. **Stipulation of Dismissal**

Within five (5) days of the clearance of the Payment, counsel to Johnson shall file a Stipulation in the form of Exhibit A, dismissing the Litigation with prejudice. It is expressly acknowledged by the Parties that the dismissal of the Litigation with prejudice is a material term of this Agreement, and if, for whatever reason, the Litigation is not dismissed with prejudice, this Agreement is null and void, and Johnson must immediately return the Payment.

4. <u>**Representations by Johnson**</u>

Johnson hereby represents and warrants as follows:

a. that he is the exclusive owner of all rights in the Work and he has not assigned, transferred, sold or encumbered such rights. Johnson further acknowledges that he understands that possession and ownership of all rights in the Work is a material term of this Agreement, and if Johnson has assigned, transferred, sold or encumbered the Work or any rights to the

Work, this Agreement is null and void and Johnson must immediately return the Payment and any interest incurred, calculated at ten percent (10%), compounded daily, from the date of this Agreement until the return of the Payment and interest.

b.  Johnson has no knowledge that any party is considering filing any action against Eredi Pisano or the Eredi Pisano Related Parties (as defined below).

5.  **Mutual Non-Disparagement**

The Parties agree that neither will make or publish any statement which is, or may reasonably be considered to be, disparaging of any other party or their respective parents, subsidiaries, affiliates, attorneys, agents heirs, executors or assigns, or present, former or future directors, officers, representatives or employees.

6.  **Releases**

Johnson, on behalf of himself, his successors and assigns, knowingly and voluntarily shall forever release and discharge Eredi Pisano, its parents, subsidiaries, affiliates, present, former and future officers, directors, shareholders, attorneys, insurers, agents, heirs, executors and assigns (collectively, the "Eredi Pisano-Related Parties"), of and from any and all manner of actions, causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, claims for contribution, promises, warranties, guarantees, representations, liens, judgments, claims and demands whatsoever, in law or in equity, whether past, present or future, known or unknown, anywhere on Earth, which against any of them ever had, now has or hereafter may have, from the beginning of the world to the date of this Agreement, provided,

however, that nothing herein shall be deemed to release Eredi Pisano from any of its obligations under this Agreement.

Eredi Pisano, on behalf of itself, its successors and assigns, knowingly and voluntarily shall forever release and discharge Johnson, and his attorneys, insurers, agents, heirs, executors and assigns (collectively, the "Johnson-Related Parties") from any and all manner of actions, causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, claims for contribution, promises, warranties, guarantees, representations, liens, judgments, claims and demands whatsoever, in law or in equity, whether past, present or future, known or unknown, anywhere on Earth, which against any of them ever had, now has or hereafter may have, from the beginning of the world to the date of this Agreement, provided, however, that nothing herein shall be deemed to release Johnson from any of his obligations under this Agreement.

### 7. Indemnification by Eredi Pisano

Eredi Pisano hereby represents and warrants that it shall indemnify and hold harmless to the fullest extent permitted by law, Johnson from any claims brought against him in connection with the Work provided that Johnson immediately notifies Eredi Pisano of the filing of such claim (or the threatened filing of such claim), and cooperate fully with Eredi Pisano in connection with the defense of that action and/or any counterclaims filed by Eredi Pisano in that action. In the event that Johnson claims to be entitled to indemnification under this section, Johnson hereby agrees that Eredi Pisano may select counsel to defend against such lawsuit on Johnson's behalf, and that Johnson will execute all necessary documentation to permit such representation, including the waiver of any potential or actual conflict of interest if such conflict can be waived under law. Failure by Johnson to fully comply with the terms of this section shall

completely relieve Eredi Pisano of any indemnification obligation to Johnson and render this section null and void, without impacting any of the other provisions of this Agreement.

8. **No Assignment**

The Parties each represent and warrant that they have not assigned or transferred to any person or entity not a party to the Agreement any released matter or any part or portion thereof, and agree to indemnify the other Parties to this Agreement against any costs or damages, including reasonable attorneys' fees, arising out of any dispute which was assigned or transferred to any person or entity not a party to the Agreement. The Parties further represent and warrant that neither they nor their agents have filed any complaints, charges or lawsuits (other than the Litigation) with any court or government agency or any other tribunal or decision-making body of competent jurisdiction relating to any claims being released in the Agreement, and that neither they nor their agents will file any complaints, charges, or lawsuits at any time hereafter derived from such released claims. The Parties further agree that if any court or agency assumes jurisdiction of any complaint, charge or lawsuit relating to any claims being released in the Agreement, the Parties shall jointly request such court or agency or other tribunal or decision-making body to withdraw from the matter.

9. **Binding**

This Agreement shall be binding on the parties, their heirs, and executors, administrators, successors, and assigns, throughout the world.

10. **Confidentiality**

The terms of this Agreement shall be maintained in a strictly confidential manner and shall not be shared with any third-party other than accountants or attorneys, without the other party's prior written consent. Notwithstanding the foregoing, any party may disclose any of the

above information if such disclosure is required by applicable law. In the event that the disclosing party is legally required to disclose any of the above-information, it shall immediately inform the non-disclosing party of that legal obligation, and the disclosing party shall cooperate fully with the non-disclosing party (consistent with the disclosing party's legal obligations) in any effort by the non-disclosing party to obtain judicial relief.

11.  **Counterparts**

This Agreement may be executed in counterparts by telefacsimile or electronic mail, each of which shall be considered to be an original instrument.

12.  **Enforcement and Jurisdiction**

Should any action or proceeding be brought by any party to this Agreement to enforce it or any provision hereof, such action can only be brought in State or Federal Court located in the State of New York. In any such action, the prevailing party shall be entitled to recover all fees and expenses incurred in bringing such action, including, but not limited to, reasonable attorneys' fees and expenses.

13.  **Governing Law**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to any conflicts of laws analysis.

14.  **Additional Documents**

Each of the Parties agrees to execute any additional documents and take any further action which may reasonably be required in order to consummate this Agreement or otherwise fulfill the obligations of the Parties hereunder.

15.  **Invalidity of Agreement**

In the event any one or more of the provisions of this Agreement shall for any

reason be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement, but this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

16. **Headings**

The headings in this Agreement are for descriptive purposes only, and are not part of this Agreement. It is expressly understood among the parties that the headings shall not be resorted to for any issue of contractual interpretation.

17. **Negotiated by Attorneys**

The parties represent and warrant that this Agreement was negotiated by attorneys and is not the product of any single author.

18. **No Reliance/Represented by Counsel**

The Parties represent and warrant that they have at all times been represented by counsel of their choosing in deciding to enter into this Agreement; that no oral promise was made to induce them to enter into this Agreement; and that each relied on its own judgment (and the judgment of its respective counsel) in choosing to enter into this Agreement, and did not rely in any way on any statement or omission made by any other Party.

19. **Entire Agreement**

This Agreement represents and expresses the entire agreement between and among the respective Parties and may not be changed orally.

20. **Authority to Sign**

The Parties each represent and warrant that the individuals signing on their behalf have authority to enter into this Agreement, and bind the party to the terms hereof.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the

day and year first above written.

_____  Aug 5, 08
HOSEA JOHNSON

*Hosea Johnson, Releasor.*

Robert P Previto
Notary Public, State of New York
No. 31-5041546
Qualified in New York County
Commission Expires April 3, 19 _2011_

*Notary Public*
*Sworn To*
*Before me this*
*5th Day of August, 2008*

EREDI PISANO USA INC.

By: _AZRA RAFFAELE_
Title: _PRESIDENT_

P&H - 558338.1 :13429/100        -8-